UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LURIE BONINI, an individual,

    Plaintiff,

vs.

CASE NO.:

8:17-CV-164-T-23TGW

FLORIDA DEPARTMENT OF
CORRECTIONS, a Municipal Corporation
of the State of Florida,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lurie Bonini ("Plaintiff"), by and through undersigned counsel, sues Defendant, Florida Department of Corrections ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for unlawful interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the "FMLA"), and unlawful retaliation under the Florida Whistleblower's Act, sections 112.3187-112.31895, Florida Statutes ("FWA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim arising out of the FMLA, pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction over the state claims arising out of the FWA, pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions giving rise to the claims alleged herein occurred within the jurisdiction of the Middle District of Florida, Tampa Division

## PARTIES

4. Defendant is a Florida municipal corporation duly organized under the laws of the State of Florida and doing business within the jurisdiction of the Middle District of Florida, Tampa Division. Defendant is a public agency within the meaning of 29 U.S.C. § 2611 (4)(B) and has in excess of fifty (50) employees within seventy-five (75) miles of where Plaintiff worked.

5. Plaintiff was and is a resident of the Middle District of Florida, Tampa Division. At all times pertinent, Plaintiff worked for Defendant within the jurisdiction of the Middle District of Florida, Tampa Division.

6. Defendant is a covered entity within the meaning of 29 U.S.C. § 2611 (4).

7. Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611 (2).

8. Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. On or about March 25, 2016, Plaintiff timely filed an Employment Charge of Discrimination with the Florida Commission on Human Relations ("FCHR").

10. On September 29, 2016, the FCHR issued a Notice of Termination of Investigation and Right to Proceed.

11. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## FACTS COMMON TO ALL COUNTS

12. Defendant has the responsibility for the supervisory and protective care, custody, and control of inmates, buildings, grounds, property, and all other matters pertaining to existing and future institutions, facilities, and programs for adult offender imprisonment, correction, rehabilitation, and community supervision on parole, probation or mandatory conditional release.

13. Defendant employed Plaintiff in Polk County, Florida as a correctional officer at Avon Park Correctional Institution ("Avon Park CI") from approximately January 31, 2001 through March 4, 2016.

14. Plaintiff's son is severely disabled, and requires intensive care and treatment. Plaintiff's son had a serious health condition under the FMLA.

15. During the employment, Plaintiff required intermittent FMLA leave due to his son's serious health condition. For years, Plaintiff used intermittent FMLA to care for his son without incident.

16. Around 2014, a new administration was inserted at Avon Park CI. Plaintiff was also placed under a new supervisor, Captain John Smith.

17. Although Plaintiff was on intermittent FMLA, the new administration and supervisor intentionally disregarded Plaintiff's FMLA rights and began disciplining Plaintiff for taking unscheduled absences (which should have been protected by the FMLA).

18. On or about October 23, 2014, in intentional violation of the FMLA, Plaintiff received a "counseling memorandum" from Defendant for four alleged unscheduled absences, September 9, 2014, September 30, 2014, October 17, 2014, and October 18, 2014. The absences should have been counted as FMLA leave, as, for each one Plaintiff reported the unscheduled absence as FMLA at the time Plaintiff called in. Yet, for each one, Plaintiff was denied FMLA leave.

19. At the moment Plaintiff received the above reprimand, Plaintiff repeatedly expressed that the absences were covered by the FMLA and that he should not be reprimanded. The colonel (Mark Jones) who administered the discipline did not care. He stated things to the effect, "that's not how it works here" and that "he didn't want to hear it." In protest, Plaintiff refused to sign the reprimand. Shortly thereafter, the colonel's secretary confided in Plaintiff that the colonel admitted he did not like FMLA.

20. Despite Plaintiff expressly putting the administration on notice that he was being reprimanded for using FMLA leave, the administration refused to honor Plaintiff's intermittent FMLA, in intentional disregard of Plaintiff's FMLA rights.

21. Subsequently, Defendant again denied Plaintiff's attempt to take FMLA.

22. On or about November 13, 2014, Plaintiff made a formal Department of Labor ("DOL") complaint for the wrongful deprivation of his FMLA leave.

23. Around March 2015, in response to Plaintiff's complaint and the ensuing DOL investigation, Avon Park CI reluctantly rescinded the reprimand because Avon Park CI had in fact violated Plaintiff's FMLA rights.

24. Shortly after rescinding the erroneous reprimand, in retaliation for making the FMLA complaint, the colonel wrote Plaintiff up for allegedly not being in Class A uniform. This write-up was false and retaliatory. The colonel knew Plaintiff did not have a Class A uniform (and had ordered one), had complained about this, and other similarly situated individuals, who owned Class A uniforms and chose not to dress in Class A uniforms/dressed similarly to Plaintiff, were not similarly disciplined or written-up like Plaintiff was.

25. In completing his 2016 Request for Leave form, Plaintiff required FMLA leave for January 18, 2016 and January 19, 2016. When Plaintiff informed his supervisor of this, Plaintiff's supervisor interfered with Plaintiff's FMLA rights by talking Plaintiff out of taking FMLA leave, stating he did not need it, and instead ordered Plaintiff to only seek regular leave. As such, pursuant to his instruction, Plaintiff attempted to obtain regular leave only to have his supervisor deny his leave request for January 18, 2016.

26. Because Plaintiff needed the FMLA leave time, he found a friend to work for him, which enraged Plaintiff's supervisor.

27. Moreover, on January 13, 2016, in violation of Plaintiff's FMLA rights, Plaintiff's supervisor refused to approve or deny Plaintiff's request for FMLA leave for the time period of March 14, 2016 through March 20, 2016.

28. On March 4, 2016, shortly before Plaintiff's required FMLA leave, Defendant terminated Plaintiff's employment.

29. Before the termination, Plaintiff filled out a form for Defendant stating a second job at UPS, which Plaintiff turned in to his supervisor. Plaintiff also informed his

supervisor that he completed the paperwork for a second job with UPS, and had discussed the second job with Plaintiff's supervisor.

30. Plaintiff then had switched days off with another employee so he could work at the second job on UPS. The employee happily accepted the switch. Plaintiff's supervisor and the colonel knew Plaintiff was switching to work his second job. As such, and realizing an opportunity presented itself to retaliate against Plaintiff for taking FMLA and for making the FMLA complaint, Plaintiff's supervisor and colonel manipulated the schedule on short notice so that Plaintiff would have no one to cover for his day off and would require the time off to work his second job.

31. When Plaintiff called-in to take the time off, he was asked if he was calling in for FMLA, to which Plaintiff mistakenly responded, he was. Although before Plaintiff made his FMLA complaint, multiple alleged (although false) instances of abuse of sick time, constituted a mere written warning, and as it is typically a written warning for similarly situated employees, the administration took this opportunity to trump up allegations against Plaintiff and terminate Plaintiff's employment.

32. The termination was in knowing and willful retaliation against Plaintiff for making a FMLA complaint, for requiring FMLA, and for requiring FMLA in March 2016.

### COUNT I – INTERFERENCE UNDER THE FMLA

33. Plaintiff realleges and incorporates paragraphs 1 – 32 as if set forth fully herein.

34. Defendant interfered with Plaintiff's FMLA rights as follows: (a) by wrongfully denying Plaintiff's FMLA; (b) by refusing to allow Plaintiff to apply for FMLA

leave; (c) by refusing to approve or deny Plaintiff's FMLA leave requests; (d) by writing up or otherwise disciplining Plaintiff for using FMLA; (e) by refusing to recognize Plaintiff's FMLA rights; and (f) by terminating Plaintiff to prevent Plaintiff from exercising his FMLA rights.

35. Plaintiff engaged in a statutorily protected activity under the FMLA.

36. Defendant interfered with Plaintiff's rights under the FMLA as set forth above.

37. Plaintiff has suffered damages as a result of the interference.

38. Defendant's violations of the FMLA were knowing or willful.

WHEREFORE Plaintiff prays for judgment against Defendant for all damages to which he may be entitled, including, but not limited to:

    (a)    Backpay;

    (b)    Reinstatement, or in the alternative, front pay;

    (c)    Liquidated damages;

    (d)    An award of reasonable attorneys' fees and costs incurred herein; and

    (e)    Such other and further relief as the Court deems proper.

## COUNT II – RETALIATION UNDER THE FMLA

39. Plaintiff realleges and incorporates paragraphs 1 – 32 as if set forth fully herein.

40. Plaintiff engaged in a statutorily protected activity when he attempted to take intermittent FMLA, when he took FMLA leave from work, and when he complained about Defendant's wrongful refusal to recognize his FMLA rights.

41. Plaintiff suffered an adverse employment action when he was wrongfully disciplined and terminated.

42. The adverse employment actions suffered by Plaintiff were causally related to his engagement in a statutorily protected activity.

43. Plaintiff has suffered damages as a result of the retaliation.

44. Defendant's violations were knowing and willful.

WHEREFORE Plaintiff prays for judgment against Defendant for all damages to which he may be entitled, including, but not limited to:

 (a) Backpay;

 (b) Reinstatement, or in the alternative, front pay;

 (c) Liquidated damages;

 (d) An award of reasonable attorneys' fees and costs incurred herein; and

 (e) Such other and further relief as the Court deems proper.

## COUNT III - RETALIATION UNDER THE FWA

45. Plaintiff realleges and incorporates paragraphs 1 – 32 as if set forth fully herein.

46. On November 17, 2014, Plaintiff made a signed and dated written complaint to the U.S. Department of Labor, Wage and Hour Division (DOL), incorporating a November 13, 2014 statement previously provided DOL.

47. Plaintiff understood that the DOL had authority to investigate FMLA violations in the workplace. As such, Plaintiff disclosed to the DOL a violation of law, creating and presenting a substantial and specific danger to the public's health, safety and

welfare. Moreover, Plaintiff disclosed an act or suspected act of gross mismanagement, malfeasance, and gross neglect of duty by an employee of the agency.

48. The information was disclosed to the DOL, a federal government entity having authority to investigate, police, manage, or otherwise remedy the violation. The information was disclosed on Plaintiff's own initiative in a written and signed complaint, and Plaintiff participated in the DOL investigation.

49. Plaintiff also refused to participate in adverse action against me on the grounds that it violated my FMLA rights.

50. Subsequently, in retaliation, Plaintiff was targeted for false employee discipline and Plaintiff's employer continued to deny and interfere with my FMLA rights, and indicated that it would continue to deny and interfere with my FMLA rights in the future.

51. On March 4, 2016, at the first opportunity, and in retaliation for Plaintiff's FMLA complaint and Plaintiff's participation in the investigation, Defendant terminated Plaintiff's employment.

52. Defendant's retaliatory conduct and wrongful termination of Plaintiff has caused Plaintiff to suffer damages, including without limitation, financial loss, damage to reputation, and mental suffering and anguish.

53. Plaintiff has exhausted administrative remedies.

WHEREFORE Plaintiff prays for judgment against Defendant for all damages to which he may be entitled, including, but not limited to:

    (a)    Backpay;

    (b)    Reinstatement, or in the alternative, front pay;

(c) Compensatory damages;

(e) An award of reasonable attorneys' fees and costs incurred herein; and

(d) Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s/ Bradley P. Rothman

Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*