UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LURIE BONINI,

     Plaintiff,

v.                             CASE NO. 8:17-cv-164-T-23TGW

FLORIDA DEPARTMENT
OF CORRECTIONS,

     Defendant.

_____/

## ORDER

     Lurie Bonini sues (Doc. 12) the Florida Department of Corrections under the Family Medical Leave Act for interfering with Bonini's right to leave and for retaliation under both the FMLA and the Florida Whisteblower's Act. The department moves (Doc. 17) to dismiss the complaint for failure to state a claim.

## DISCUSSION

### 1. Interference claim

     The FMLA permits an eligible employee no more than twelve weeks of leave annually to care for a child with a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). If an employee leaves under the FMLA, the employer must permit the employee to return. 29 U.S.C. § 2614(a)(1). An employer's denying an employee's FMLA right to leave and return constitutes unlawful "interference." *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir. 2010).

Bonini alleges that his son, who suffers from spina bifida, hydrocephalus, and several other conditions, requires "continuing supervision." (Doc. 12 at ¶ 14) During Bonini's fifteen-year tenure as a correctional officer at Avon Park Correctional Institution, Bonini allegedly "required intermittent FMLA leave due to his son's serious health condition." (Doc. 12 at ¶ 15) If true, the allegations establish the applicability of Section 2612(a)(1)(C) of the FMLA.

Bonini alleges that he took intermittent FMLA leave without trouble until 2014, when a new administration began disciplining Bonini for unscheduled absences to address "unforeseeable medical situations" attendant to the son's medical condition. (Doc. 12 at ¶¶ 15–17) Colonel Jones, who supervised Bonini's immediate supervisor, Captain Smith, allegedly refused to honor Bonini's FMLA requests. (Doc. 12 at ¶¶ 19–21) According to Bonini, Colonel Jones's secretary confided in Bonini that Jones confessed "not believ[ing] in [the FMLA]." (Doc. 12 at ¶ 18) When Bonini attempted to explain the absences, Jones allegedly told Bonini that "he [Jones] didn't want to hear" about the FMLA. (Doc. 12 at ¶ 19) During the two several occasions to honor Bonini's leave requests and disciplined Bonini for taking "unscheduled leaves," which (according to Bonini) qualified for protection under the FMLA. (Doc. 12 at ¶¶ 20, 21, 25, 27) In March 2016, the department terminated Bonini's employment. (Doc. 12 at ¶¶ 28) Bonini alleges that the department terminated Bonini's employment because he invoked the FMLA and

because he complained about the department's failure to honor Bonini's rights under the FMLA. (Doc. 12 at ¶ 28–32)

The department argues that several purported deficiencies in the complaint require dismissal of the interference claim. For example, the department argues a failure to allege that Bonini notified the department in advance about each FMLA leave (Doc. 17 at 5); a failure to detail the leave days and the content of the notices (Doc. 17 at 5–6); and a purported failure to allege specifically why Bonini's son required care (Doc. 17 at 7 and 9). Assuming the truth of Bonini's allegations and permitting reasonable inferences, Bonini states a claim for interference. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a complaint must provide sufficient facts to "raise a right to relief above the speculative level" but need not provide "detailed factual allegations").

## 2. Retaliation claims

An FMLA retaliation claim succeeds if the employee proves that he engaged in protected activity, that he suffered an adverse employment decision, and that the decision "was causally related to the protected activity." *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1268 (11th Cir. 2008). As explained above, Bonini's allegations, if true, facially establish the applicability of Section 2612(a)(1)(C).

On four days in 2014 (September 9, September 30, October 17, and October 18), Bonini allegedly did not work because Bonini's son required care. (Doc. 12 at ¶¶ 18–19) Bonini allegedly notified the department about the absences

"as soon as practicable" and explained that the FMLA permitted the absences, but the department allegedly reprimanded Bonini on October 23, 2014, for the "unscheduled absences." (Doc. 12 at ¶ 18) Three weeks later, Bonini complained to the U.S. Department of Labor about the reprimand and about the defendant's continuing failure to honor Bonini's FMLA requests. (Doc. 12 at ¶ 22) In response to Bonini's complaint and the ensuing investigation, the defendant allegedly rescinded the reprimand. (Doc. 12 at ¶ 23)

In addition to the October 23 reprimand, Bonini alleges a pattern of retaliatory acts that purportedly culminated in Bonini's termination. For example, Bonini alleges that Colonel Jones reprimanded Bonini for not wearing a "Class A uniform," even though Colonel Jones issued no reprimand to other "similarly situated" co-workers, and that the "false reprimand inappropriately factored into [Bonini's] termination." (Doc. 12 at ¶ 24) Also, Colonel Jones and Captain Smith "manipulated the [work] schedule on short notice" to punish Bonini. (Doc. 12 at ¶ 30) Finally, Bonini alleges that the department falsely accused Bonini of abusing "sick time," "trump[ed] up" the sick-time allegations, and terminated Bonini's employment. (Doc. 12 at ¶ 31) Bonini alleges that the proferred reason for Bonini's termination ("abuse of sick time") is a pretext and that, in fact, the department terminated Bonini in retaliation for exercising a right under the FMLA.[*] (Doc. 12 at ¶ 32) After Bonini's firing, a sergeant allegedly told Bonini that Colonel Jones

---

[*] Confusingly, Bonini alleges that "he [Bonini] was asked if he was calling in for FMLA, to which [Bonini] mistakenly responded" that "he was." (Doc. 12 at ¶ 31)

was "out to get" Bonini for invoking the FMLA and for complaining to the Department of Labor. (Doc. 12 at ¶ 32)

Again, the defendant identifies several purported pleading defects, for example, the failure to identify by name the person responsible for Bonini's firing (Doc. 17 at 13) and the failure to identify a causal connection between the protected activity and the firing (Doc. 17 at 13). But the allegations (for example, that Colonel Jones was "out to get" Bonini for invoking the FMLA and for complaining about the department's refusal to honor an FMLA request) permit an inference that the supervisors terminated (or caused the department to terminate) Bonini in retaliation for Bonini's invocation of the FMLA. Although evidence might reveal a lawful and non-retaliatory reason for Bonini's termination, the complaint contains sufficient facts to state a claim for retaliation. The motion (Doc. 17) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on June 5, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE